**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL WAYNE COOK, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JANICE K. BREWER, Governor of Arizona; CHARLES L. RYAN, Director, Arizona Department of Corrections; ERNEST TRUJILLO, Warden, Arizona Department of Corrections-Eyman; CARSON MCWILLIAMS, Warden, Arizona Department of Corrections - Florence; UNKNOWN PARTIES, Does 1-50, <br><br> Defendants - Appellees. | No. 11-15743 <br><br> D.C. No. 2:11-cv-00557-RCB <br><br> OPINION |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, Senior District Judge, Presiding

Submitted March 30, 2011[*]
San Francisco, California

Filed April 1, 2011

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

PER CURIAM:

Plaintiff Daniel Wayne Cook ("Cook") appeals the district court's dismissal of his complaint for failure to state a claim. We affirm.

**I**

We have already upheld the district court's denial of Cook's first complaint seeking relief under 42 U.S.C. § 1983 ("§ 1983"). *Cook v. Brewer*, No. 11-15303, 2011 WL 902111 (9th Cir. Mar. 16, 2011). That complaint, like the instant one, asserted that the Arizona Department of Corrections' ("ADC") intended use of imported, non-Food and Drug Administration ("FDA") approved, sodium thiopental in Cook's execution violates his Eighth Amendment rights because it is very likely to cause Cook needless suffering.[1] We held that Cook's speculative and conclusory allegations were insufficient to state a facially plausible claim that the sodium thiopental the ADC had obtained is "'*sure or very likely* to cause

---

[1] In this suit, as in his prior § 1983 action, Cook raises a second claim in addition to his Eighth Amendment claim of unconstitutional pain. Cook's second claim is that the administration of the sodium thiopental by medical professionals constitutes deliberate indifference to Cook's Eighth Amendment right to be free from cruel and unusual punishment. For the reasons set forth in our prior opinion, Cook's deliberate indifference claim remains derivative of his claim of unconstitutional pain. *See Cook*, 2011 WL 902111 at \*5. Accordingly, here we address only the underlying claim.

2

serious illness and needless suffering'" in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at *3–4 (quoting *Baze v. Rees*, 553 U.S. 35, 50 (2008)).

On March 25, 2011, Cook filed the instant suit raising the same claim against the same Defendants. The primary difference between the two cases is that Cook's slightly amended complaint contains four new factual allegations.

On March 28, 2011, the district court dismissed Cook's second § 1983 complaint, holding that it, like the first complaint, failed to state a claim upon which relief may be granted. *See Cook v. Brewer*, No. CV 11–557–PHX–RCB, 2011 WL 1119641, *1 (D. Ariz. Mar. 28, 2011). Cook timely appealed.

**II**

Because this case is essentially identical to Cook's previous appeal, we rely on our discussion of the relevant facts and law set forth therein and address only Cook's new allegations. Our review is de novo. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). We review the sufficiency of Cook's claims under Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") under the standard articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For Cook to establish his Eighth Amendment

3

claim for exposure to future harm of needless pain from the use of the sodium thiopental at issue here, he is required to show a risk that is "'*sure or very likely* to cause. . . needless suffering,' and give rise to 'sufficiently *imminent* dangers.'" *Baze*, 553 U.S. at 50 (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 34–35 (1993)).

## III

Cook raises four new factual allegations to support his claim that the sodium thiopental is sure or very likely to cause unconstitutional pain.[2]  He asserts that the sodium thiopental which Arizona plans to use in his execution: (1) "[h]as officially reported issues with lack of efficacy in the United Kingdom"; (2) is made for animal use, not human use; (3) "[h]as documented reports of problems in its use in three executions in the United States"; and (4) was unlawfully "imported in a manner nearly identical to the process used in Georgia—a process that has resulted in the Drug Enforcement Administration seizing Georgia's supply of the substance."  The district court concluded that, under Rule 8(a)'s pleading standard, Cook's new factual allegations still failed to state a facially plausible claim that the use of sodium thiopental at issue here is "'*sure or very likely* to cause serious

---

[2]    Cook contends that the district court erred by applying a heightened pleading standard for each of his two claims.  We need not decide that question because, as noted in text above, we have de novo review.

4

illness and needless suffering.'" *See Cook*, 2011 WL 1119641, at *3 (quoting *Baze*, 553 U.S. at 50 (internal quotation marks omitted)). We agree.[3]

First, Cook alleges that the United Kingdom's counterpart to the FDA reported that there have been "twelve adverse drug reaction reports" concerning sodium thiopental in the past two years, "five of which related to the efficacy of the substance," including one involving the same batch number of the sodium thiopental at issue here. Cook, however, provides no information as to what the adverse reactions were, whether any of the twelve instances of adverse reactions, or the one adverse reaction specific to the batch of sodium thiopental at issue here, is statistically or medically significant, or the nature or extent of the lack of efficacy. Thus, the new allegations do not, by themselves, state a facially plausible claim.

Second, Cook alleges that this batch of sodium thiopental was manufactured for use in animals, not for human use, and asserts that, therefore, the use of this drug will "fail to properly anesthetize" him or will "cause him severe pain." However, Cook alleges no facts supporting his inference that there is some

---

[3]    The state submitted affidavits with its responsive brief. We do not consider the information set forth in them, because the only issue before us is the sufficiency of the complaint. We therefore consider only the allegations in the complaint.

5

difference between sodium thiopental manufactured for humans and the drug manufactured for animals, and no facts supporting the assertion that the administration of sodium thiopental manufactured for animals would cause him unconstitutional pain.

Third, Cook alleges that the sodium thiopental at issue here caused problems in three executions by lethal injection in the United States. Specifically, he alleges that the ADC used a larger dose than called for in its lethal injection protocol for the execution of Jeffrey Landrigan and that, in three executions involving lethal injections which used sodium thiopental, including Landrigan's execution, the prisoners' eyes remained open throughout the execution. Cook claims that prisoners do not keep their eyes open when domestically manufactured sodium thiopental is used in executions. In support of his claims, he attached several affidavits to his complaint from non-medical professionals, stating that prisoners executed by lethal injection typically have their eyes closed.

Again, Cook's newly discovered allegations do not state a facially plausible claim that the sodium thiopental will cause him needless pain. Even if Landrigan received a larger dose of sodium thiopental than was called for in Arizona's lethal injection protocol, such a fact does not inherently reflect a problem with the drug. Likewise, assuming that the three prisoners all kept their eyes open during their

6

executions, and assuming that this is atypical, we have no medical or scientific basis for concluding that open eyes reflect a problem with the sodium thiopental or indicate the presence of severe pain.

Moreover, there is no basis in the complaint to question the numerous safeguards in Arizona's lethal injection protocol that ensure an inmate's unconsciousness after the administration of the sodium thiopental. *See Cook*, 2011 WL 902111, at *4. Indeed, we have noted that, "[a]fter the sodium thiopental is administered, the [Members of the Medical Team ("MTMs") ] confirm that the inmate is unconscious by 'sight and sound' using the camera and microphone, and an MTM enters the execution chamber to physically confirm unconsciousness." *Dickens v. Brewer*, 631 F.3d 1139, 1143 (9th Cir. 2011). Cook's complaint does not plausibly suggest that, despite these safeguards, Arizona would inject a conscious man with painful lethal drugs.

Fourth, Cook asserts that this action must be remanded because the district court did not address his claim that the substance was obtained unlawfully. However, in our prior opinion, we stated, "[t]he actual legality of importing this drug is not at issue here[;] we are only concerned with the constitutionality of its use on Mr. Cook." *Cook*, 2011 WL 902111, at *3, n.3. Cook offers no new evidence or authority that alters our perspective.

7

## IV

Because Cook's four new allegations do not support the drawing of any non-speculative conclusions, Cook has failed to state a facially plausible claim that Arizona's planned execution is "*sure or very likely* to cause . . . needless suffering." *Baze*, 553 U.S. at 50 (internal quotation marks omitted). Accordingly, the district court's dismissal of Cook's complaint is **AFFIRMED**.

**COUNSEL**

Jon M. Sands, Federal Public Defender, Dale A. Baich, Robin C. Konrad, Golnoosh Farzaneh, Assistant Federal Public Defenders, Phoenix, Arizona, for the plaintiff-appellant.

Thomas C. Horne, Attorney General, Kent E. Cattani, Chief Counsel, Capital Litigation Section, Phoenix, Arizona, for the defendants-appellees.