**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 10-55928 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-03891-ODW-RNB |
| v. | |
| CORTEZ, Third Watch Lieutenant, individual, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Robert Lee Jenkins, Jr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Cook v. Brewer*, 649 F.3d 915, 917 (9th Cir. 2011) (per curiam), and we affirm.

The district court properly dismissed the retaliation claims because the complaint failed to allege facts sufficient to show that Cortez was involved in any actions that were motivated by retaliation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983; a plaintiff must show the defendant's personal involvement in alleged violations); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (prisoner must demonstrate that the purported adverse action did not reasonably advance a legitimate correctional goal).

The district court properly dismissed the due process claim because Jenkins failed to allege facts sufficient to show that a protected liberty interest was at stake. *See Serrano v. Francis,* 345 F.3d 1071, 1078 (9th Cir. 2003) (due process protections "adhere only when the disciplinary action implicates a protected liberty interest in some unexpected [manner] or imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Jenkins' remaining contentions are unpersuasive.

**AFFIRMED.**